```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

TORRENCE ROBINSON,

               Defendant.

16 Civ. 7793 (VEC)

**STIPULATION AND ORDER OF SETTLEMENT**

---

    WHEREAS, this Stipulation and Order of Settlement (the "Stipulation") is entered into by and among the Plaintiff, the United States of America (the "United States"), by its attorney, Joon H. Kim, Acting United States Attorney for the Southern District of New York, and the Defendant Torrence Robinson ("Defendant"), by his authorized representative;

    WHEREAS, between June 8, 1999, and November 5, 2013 (the "Covered Period"), the Social Security Administration ("SSA") deposited social security retirement benefits on a monthly basis, totaling $214,994 (the "SSA Payments"), which were intended for Eugene Robinson, Defendant's father, into a bank account to which Defendant had access;

    WHEREAS, Eugene Robinson died on June 8, 1999;

    WHEREAS, the SSA first learned of the death of Eugene Robinson on or about February 20, 2014;

    WHEREAS, on October 5, 2016, the United States filed its complaint (the "Complaint") in this action, alleging that Defendant unlawfully misappropriated the SSA Payments (the "Covered Conduct"), and that Defendant was liable to the United States for applicable damages and statutory penalties under the False Claims Act, 31 U.S.C. § 3729(a)(1)(G), and further liable

1

under New York common-law causes of action for conversion, money paid under mistake of fact, and unjust enrichment; and

WHEREAS, the parties have, through this Stipulation, reached a mutually agreeable resolution of this matter;

**NOW, THEREFORE**, with the consent of the Parties, it is hereby **ORDERED** that:

1. Defendant agrees that this Court has subject matter jurisdiction over this action and consents to this Court's exercise of personal jurisdiction over him.

2. Defendant admits, acknowledges, and accepts responsibility for the following:

   A. Defendant misappropriated the SSA Payments, in the total amount of $214,994. The SSA Payments were intended for Defendant's deceased father, and were deposited by SSA on a monthly basis into a bank account to which Defendant had access.

   B. During the Covered Period, Defendant continually and unlawfully redirected the full amount of the SSA Payments for his own personal use.

   C. During the Covered Period, Defendant was employed as the pastor of Gethesame Baptist Church in the Bronx, New York, and, from 2002 onward until his retirement in July 2017, as an assistant principal and principal at a New York City public school. From these positions, Defendant earned a six-figure total salary that steadily increased during and subsequent to the Covered Period, such that Defendant currently earns more than $200,000 annually.

   D. During the Covered Period and in all periods afterward, Defendant was aware that: the SSA Payments were intended for his deceased father;

        Defendant had no lawful right to the SSA Payments; Defendant was obligated to inform SSA of the death of his father; and Defendant was obligated to return the SSA Payments to the SSA.

E.   During the Covered Period and in all periods afterward, Defendant did not take adequate steps to inform SSA of Defendant's father's death nor did Defendant return the SSA Payments to SSA.

F.   As a result of the actions described above, Defendant knowingly concealed and improperly avoided an obligation to pay or transmit money to the United States.

3.   The consent judgment attached to this Stipulation as Exhibit A (the "Judgment") shall be entered against Defendant and in favor of the United States in the amount of $330,284. The Judgment amount represents the total amount of the SSA Payments unlawfully appropriated by Defendant, $214,994, in addition to statutory damages as provided by the False Claims Act, as amended by the Fraud Enforcement and Recovery Act, 31 U.S.C. § 3729(a)(1)(G), for the SSA Payments made between May 20, 2009, and November 2013.

4.   Defendant agrees to cooperate fully and truthfully with the United States' efforts to enforce the Judgment under federal and applicable state law, including during any post-judgment discovery in aid of execution. Specifically, Defendant agrees that he shall provide complete and truthful disclosure of his financial circumstances and that he may be required to provide documents, including, but not limited to, the financial statements, bank statements, tax filings, and other related documents of Gethsemane Baptist Church for the past five years. In the event that Defendant fails to disclose documents that the United States may request regarding his financial circumstances, including the documents identified in this Paragraph, and the United

States must obtain a court order compelling their disclosure under Federal Rule of Civil Procedure 69, Defendant shall be liable for the fees and costs incurred by the United States to obtain such an order.

5.  Subject to the exceptions in Paragraph 4 above (concerning cooperation), Paragraph 6 below (concerning excluded claims) and Paragraph 11 below (concerning bankruptcy proceedings), and conditioned on Defendant's full payment of the Judgment, the United States releases Defendant from any civil or administrative claim that the United States has under:

   A.  the False Claims Act for the Covered Conduct that occurred on or after May 20, 2009, to the end of the Covered Period;

   B.  the common law theories of payment by mistake, unjust enrichment, and conversion, for the Covered Conduct during the entirety of the Covered Period.

6.  Notwithstanding the release given in Paragraph 5 above, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released by this Stipulation:

   A.  any liability arising under Title 26, United States Code (Internal Revenue Code);

   B.  any criminal liability;

   C.  except as explicitly stated in this Stipulation, any civil or administrative liability;

   D.  any liability to the Government for any conduct other than the Covered Conduct; and

E.	any liability based upon obligations created by this Stipulation.

7.	Defendant waives and shall not assert any defenses Defendant may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8.	Defendant fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendant has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, or servants, related to the Covered Conduct and the United States' investigation, prosecution and settlement of the Covered Conduct.

9.	This Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity except as otherwise provided herein.

10.	Defendant represents and warrants that he has reviewed his financial situation, that he is currently solvent and will remain solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I). Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendant within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and

obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendant was or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

11. If Defendant commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendant's debts, or seeking to adjudicate Defendant as bankrupt or insolvent; or (b) seeking appointment of a trustee, custodian, or other similar official for Defendant or for all or any substantial part of Defendant's assets, Defendant agrees as follows:

    A. Defendant's obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Defendant shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendant's obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Defendant was insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendant.

    B. If Defendant's obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the release in this Agreement and pursue any

       civil and/or administrative claim, action, or proceeding against Defendant that would otherwise be covered by the release described in this Stipulation. Defendant agrees that (i) any such claim, action, or proceeding brought by the United States would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Defendant shall not argue or otherwise contend that the claim, action, or proceeding is subject to an automatic stay; (ii) Defendant shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the United States within 60 calendar days of written notification that the releases in the Stipulation have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date the Complaint was originally filed; and (iii) the United States has a valid claim against Defendant for the full Judgment, and the United States may pursue the claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

    C.    Defendant acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

12.    Defendant agrees to the following:

A. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendant in connection with:

   i. the matters covered by this Stipulation;

   ii. any audit(s) and civil and/or criminal investigation(s) by the United States of matters covered by this Stipulation;

   iii. Defendant's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and/or criminal investigation(s) in connection with matters covered by this Stipulation (including attorneys' fees);

   iv. the negotiation and performance of this Stipulation; and

   v. any payments Defendant makes to the United States pursuant to this Stipulation,

   are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

B. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Defendant, and Defendant shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States.

C. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Stipulation, Defendant shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Defendant

from the United States. Defendant agrees that the United States, at a minimum, shall be entitled to recoup from Defendant any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Treasury Department and the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Defendant's books and records and to disagree with any calculations submitted by Defendant regarding any Unallowable Costs included in payments previously sought by Defendant, or the effect of any such Unallowable Costs on the amount of such payments.

13. Each party shall bear its own legal and other costs incurred in connection with this matter.

14. Any failure by the United States to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

15. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all parties to this Stipulation and shall not, therefore, be construed against any party in any subsequent dispute.

16. This Stipulation constitutes the complete agreement between the parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the parties.

17. The undersigned counsel and any other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of persons and the entities indicated below.

18. This Stipulation is binding on Defendant's successors, transferees, heirs, and assigns.

19. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. E-mails that attach signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

20. Defendant, having truthfully admitted the facts set forth in Paragraph 2 above (the "Admissions"), agrees that he shall not take any action or make any public statements contradicting or denying, directly or indirectly, the Admissions.

21. The Effective Date of this Stipulation is the date upon which the Stipulation is approved and entered by the Court.

*For the United States of America:*

JOON H. KIM
Acting United States Attorney

Dated: August 9, 2017
New York, New York

By: _____
STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2768
Fax No. (212) 637-2702
stephen.cha-kim@usdoj.gov

*For Defendant Torrence Robinson:*

Dated: August 7, 2017
Bronx, New York

By: _____
ROBERT LAUREANO, ESQ.
Attorney for Torrence Robinson
910 Grand Concourse, Suite #1F
Bronx, New York 10451
Tel. No. (718) 588-8017
Fax No. (718) 588-8035
Email: laureanorobert@yahoo.com

Dated: August 7, 2017
_____, New York

By: _____
TORRENCE ROBINSON

SO ORDERED.

_____
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

8/15/2017